UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| M/V ALTRO DONNA, L.L.C. | * | |
| ZITO FLEETING, L.L.C. | * | |
| OCTOPUS TOWING, L.L.C.,OSPREY | * | |
| UNDERWRITING AGENCY, LTD., | * | |
| INDIVIDUALLY AND FOR AND ON | * | |
| BEHALF OF CERTAIN UNDERWRITERS | * | |
| AT LLOYD'S OF LONDON, SUBSCRIBING | * | |
| SEVERALLY AND NOT JOINTLY | * | |
| | * | |
| VERSUS | * | CIVIL ACTION NO.  13-5197 |
| | * | |
| TERRAQUEST GROUP L.L.C., *in personam* | * | |
| AND BROWNFIELD RESTORATION L.L.C., | * | |
| *in personam* | * | SECTION "S" |
| | * | |
| | * | MAGISTRATE: 3 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO MOTION FOR RECONSIDERATION

**MAY IT PLEASE THE COURT:**

The arguments contained in the Port's Motion for Reconsideration was argued to the Magistrate Judge and already contained within the Port's numerous pleadings filed on this issue concerning Plaintiff's Motion to Enforce Settlement.[1]  Accordingly, the Port fails to present any new arguments and all of these issues were previously reviewed by this Court. This Court correctly held there is a binding and valid settlement agreement.[2] Reconsideration is not clearly warranted.  The Port's Motion for Reconsideration should be denied.

---

[1] See Rec. Doc. 137-1 Port's Motion for Reconsideration p. 6 of 12 listing  of the following previous filings already contained in the record that arise from the Motion to Enforce Settlement: a) The Port's Opposition to Motion to Enforce 10/20/15 (Rec. Doc. 117 with exhibits); b) The Port's Sur-Reply to the Reply Memorandum in Support of Plaintiff's Motion to Enforce Settlement (Rec. Doc. 123, with exhibits) and c) The Port's Response/Opposition to Plaintiff's Supplemental Memorandum in Support 12/21/15 (Rec. Doc. 133).
[2] Rec. Doc. 136.

1

Moreover, the Plaintiffs adopt, reassert and re-allege its concurrently filed Opposition to the Port's Motion to Strike the Plaintiffs' Objections and supporting memorandum, as if fully set forth herein, *in extenso*.

1. **THE PORT IS NOT UNDULY PREJUDICED BY THE COURT'S JANUARY 29, 2016 ORDER**

The Port argues it was unduly prejudiced because the Court rendered its Order without permitting the Port to file a response to the Plaintiff's Objections and therefore, entry of the Court's premature Order was manifest error sufficient to warrant reconsideration. Moreover, the Port argues a Motion for Reconsideration is necessary in order to prevent manifest injustice.[3] However, the Port does not present any new arguments or evidence that was not previously thoroughly briefed in the Port's prior pleadings on this issue. Accordingly, the Port is not unduly prejudiced by the Court's January 29, 2016 Order.

**2. The Court's January 29, 2016 Order is not based on manifest errors of law and/or fact**

    **A. THERE WAS A MEETING OF THE MINDS OVER THE NECESSARY ASPECTS OF A SETTLEMENT.**

The Port's first substantive argument is that this Court was mistaken in its January 29, 2016 Order holding there was no meeting of the minds between the parties. The Port does not cite any case law for this proposition. Plaintiffs would reiterate their objections to the Magistrate Judge's Report and Recommendations.

The Port concedes there was an agreement about price – the Port's obligation to pay a sum certain in exchange for dismissal.[4] The Magistrate correctly found in his January

---

[3] Port's Motion for Reconsideration, Rec. Doc. 137-1, p. 3 of 12.
[4] The Port concedes that "By the end of the Settlement Conference, the only settlement items agreed upon by the parties were: 1) the fact that the parties would enter into a settlement; and 2) the amount of the settlement payment from the Port to the plaintiffs." Rec. Doc. 117-Opposition to Plaintiff's Motion to Enforce Settlement submitted by the Port, p. 2.

2

7, 2016 Order that "It is undisputed that the parties reached an agreement on the material terms of a settlement, *i.e.* the sum certain."[5]

In the Port's Motion for Reconsideration, the Port argues that "*The bottom line with respect to the purported settlement at issue is that, clearly a meeting of the minds did not exist between the Port and the Plaintiffs at the time of the August 19, 2015 settlement conference. Accordingly, no settlement existed.*"[6]  However, this is inconsistent with what the Port stated in its prior pleading on this same issue.  In the Port's Opposition to Plaintiff's Motion to Enforce, the Port submits "*it does not dispute the amount of the settlement or any party's attorney's authority to enter into a settlement in this litigation; nor does it intend to have the settlement wholly invalidated such that the matter is reset for trial.*"[7]

The Port only claims there was no meeting of the minds over third-party indemnity. Third-Party Indemnity was never requested nor discussed by the Port in the two settlement conferences leading up to the settlement August 19, 2015.  There is no requirement there be a meeting of the minds over every element of a contract for the contract to be enforceable. As explained in Plaintiffs' Objection to the Magistrate Judge's Report and Recommendations, in the face of disagreement about whether one term was or was not included in a contract (settlement), the Court does not invalidate the contract in whole; the Court looks at contractual silence. See generally *Rowe v. Great Atlantic & Pac. Tea Co., Inc.*, 46 N.Y.2d 62, 69 (N.Y.1978) (quoting 5 Williston on Contracts § 1293 (rev. ed.1937)); Restatement (Second) of Contracts § 222(1).

---

[5] Rec. Doc. 134, p. 6 of 8.
[6] Port's Motion for Reconsideration, Rec. Doc. 137-1, p. 6 of 12.
[7] Rec Doc. 117, p. 1.

**B.     The Port did not produce evidence there is a custom that third-party indemnity is a standard part of a settlement.**

The Port argues it is custom in the Eastern District that in every case that settles, the plaintiff must indemnify the defendants for third-party actions unknown to either party. The Port again cites no law in favor of its position. Two cases in this district are on point. As previously cited by the Plaintiffs, *Orgulf Transport Co. v. Magnolia Marine Transport*, No. Civ. A. 97-1411, 1999 WL 694099 (E.D. La. Sept. 3, 1999) (Duval, J.) and *Berger, et al v. USAA General Indemnity Co.*, C/A No. 2008 WL 1730533 06-11151 (E.D. La. Apr. 10 2008) (Barbier, J.) are controlling. As Judge Duval held in *Orgulf,* if the Port expected it, they should have asked for it. There was a meeting of the minds. Whether the Port "expected" third-party indemnity is irrelevant. Under the Port's rationale, there often would be no finality in settlements because a party could be silent in its expectations and later move to upset the settlement because it silently intended an additional term or condition of settlement.

The Port also argues there was no need for an evidentiary hearing, as follows:

> In this regard, no legal authority on custom or standard indemnity language is necessary, especially considering the Magistrate Judge's particular familiarity with maritime practice on the bench and as a former practitioner of admiralty law. To require otherwise is akin to requiring legal authority to demonstrate an expectation that, e.g., a fire engine will be red because fire engines are customarily red, or that during Mardi Gras in New Orleans, there will be ladders on St. Charles Avenue because people customarily set up ladders on the parade route.[8]

Though the able Magistrate Judge is experienced, so too is this Court, and this Court should not defer to the Magistrate unduly. Though the Port claims fervently there is custom for third-party indemnity, Plaintiffs respectfully disagree. The Port should have put forward evidence, but it failed to do so.

---

[8] Port's Motion for Reconsideration, Rec. Doc. 137-1, p. 8 of 12.

4

**C. The terms of the settlement agreement are payment and dismissal; nothing more.**

The Port further argues the plaintiffs should have requested that third-party indemnity be excluded from the settlement agreement.  However, it is the Port, not the Plaintiffs, who are attempting to add additional terms to the settlement agreement.  The Port failed to request third party indemnity as a condition of settlement during settlement negotiations.  As noted in the Plaintiffs' objection to the Magistrate Judge's recommendations, there is no principled reason for a settlement to be different from a judgment. The plaintiffs get the agreed-to sum. The defendant gets an order of dismissal with prejudice. Part of that order of dismissal is dismissal of not just the claims brought by the plaintiff, but any claims that must have been brought by the plaintiff under Fed. R. Civ. P. 19, required joinder of parties, or Fed. R. Civ. P. 18, required joinder of issues.

## Conclusion

The Port cited Fifth Circuit precedent that states, "The motion must 'clearly establish' that reconsideration is warranted." *Pappas*, 2013 WL 5701659 at 4, citing, *Schiller v. Physicians Res. Group Inc.*, 342 F. 3d 563, 567 (5th Cir. 2003).  The Port has not met its burden of establishing reconsideration is warranted under the Rule 59(e) standard.  Rather the Port has re-urged its prior arguments, which this Court has already addressed.

This Court properly held there was a settlement agreement between the parties, and that no third-party indemnity was requested or owed. Further, the Court correctly noted there was no evidence third-party indemnity is custom in this Circuit.  For the foregoing reasons and for all the reasons in the plaintiffs' pleadings to date on this issue, Plaintiffs respectfully request the Port's Motion for Reconsideration be denied.

**Respectfully submitted,**

**DUNCAN & SEVIN, L.L.C.**

*/s/ Kelley A. Sevin*

_____
KELLEY A. SEVIN, T.A. (#25871)
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
E-Mail: ksevin@duncansevin.com
Attorney for Plaintiffs,
Octopus Towing L.L.C., Zito Fleeting, L.L.C., M/V ALTRO DONNA, L.L.C. Osprey Underwriting Agency, Ltd., individually and for and on behalf of Certain Underwriters at Lloyd's of London, subscribing severally and not jointly, to Hull & Machinery Policy M11PH0308 and Protection and Indemnity policy M11PP03030.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of February, 2016 a copy of the above and foregoing was filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Kelley A. Sevin*

_____
**KELLEY A. SEVIN**