UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALTRO DONNA, L.L.C. M/V                                                   CIVIL ACTION

VERSUS                                                                           NO. 13-5197

TERRAQUEST GROUP, L.L.C., ET AL                                SECTION "S" (3)

ORDER

**IT IS HEREBY ORDERED** that The Board of Commissioners of the Port of New Orleans' Motion for Reconsideration (Doc. #137) is **GRANTED**. However, after considering the United States Magistrate Judge's Report and Recommendation, the plaintiff's objection thereto and the Port's opposition to the plaintiffs' objection to the United States Magistrate Judge's Report and Recommendation, the court finds that the Magistrate Judge's Report and Recommendation was properly overruled.

At the settlement conference, the parties reached the essential elements of a settlement agreement, specifically, that they would settle the matter and the amount of money that plaintiffs would receive. The Port argues that there was no "meeting of the minds" and no settlement because it reasonably expected that indemnification would be included in the settlement documents as it argues is the "custom" in maritime cases in the Fifth Circuit. Indemnification was not discussed at the settlement conference. Thus, it was not a part of the agreement, and the Port still has not cited to any authority that is "customary" in the Fifth Circuit to include such language in settlement agreements without it having been agreed to as a term of the settlement.

**IT IS FURTHER ORDERED** that The Board of Commissioners of the Port of New Orleans' Motion for to Strike Plaintiffs' Objection to the Report and Recommendation (Doc. #138) is **DENIED**. Although plaintiffs did not technically comply with the rules, the court has now considered both the plaintiffs' objection and the Port's opposition to that objection.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Designate Order as Judgement and for Post-Settlement Pre-Judgment Interest (Doc. #144) is **DENIED**. Plaintiffs argue that they should be awarded post-settlement pre-judgment interest from September 19, 2015, thirty days after the settlement was reached. However, the parties' attorneys' agreed that the settlement funds would be delivered within thirty days of the Port's receiving a signed release, which has not occurred. Therefore, the settlement funds are not yet due and there is no basis on which to award interest.

New Orleans, Louisiana, this 23rd day of March, 2016.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**